Eastern District of Kentucky
F I L E D
AUG 2 3 2018
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 5:15-CR-48-KKC-REW |
| | NO. 5:17-CV-388-KKC-REW |
| Plaintiff, | |
| V. | OPINION AND ORDER |
| DAVELL RASHAUN SMITH, | |
| Defendant. | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court pursuant to Defendant Smith's Objection (DE 113) to Magistrate Judge Wier's Recommended Disposition (DE 111) of Smith's Motion to Vacate under 28 U.S.C. § 2255 (DE 108). Following the entry of the Recommended Disposition, Smith filed an Amended Motion to Vacate (DE 112). For the following reasons, the Objection (DE 113) and the Amended Motion to Vacate (DE 112) are **DENIED**.

## I. INTRODUCTION

On December 7, 2015, Davell Rashaun Smith pled guilty to several counts of the indictment brought against him by the government, including conspiracy to distribute heroin; felon in possession of a firearm; and possession of a firearm in relation to a drug trafficking crime. (DE 50). On September 19, 2016, this Court sentenced Smith to a total term of imprisonment of 144 months, followed by 5 years of supervised release. (DE 87; 89). Final Judgment was entered against Smith on September 20, 2016.

Smith filed a motion to vacate under 28 U.S.C. § 2255 on September 29, 2017, collaterally attacking his sentence. (DE 108). Specifically, Smith argued that his counsel was ineffective

1

for failing to "file a notice of appeal and challenge the trial court's denial of his motion to suppress." (DE 108 at 6). Pursuant to local practice, the motion was referred to Magistrate Judge Wier for initial screening and recommendation.

The Magistrate Judge recognized that Smith had not signed his motion under penalty of perjury, in contravention of Rule 2(b)(5) of the Rules Governing Habeas Corpus Proceedings. (DE 110). In response, the Magistrate Judge entered an Order pointing out that Smith did not comply with this core requirement; giving Smith an additional 14 days to remedy the failure; and explaining that failure to submit a corrected motion would result in a recommendation that the motion be dismissed. *Id.* The deadline for remedy ran with no response from Smith. After allowing an additional three weeks to pass with no response, Judge Wier recommended that the District Court summarily dismiss the motion and issue no certificate of appealability. (DE 111). Approximately one month later, Smith filed an Amended Motion to Vacate under 28 U.S.C. § 2255 (DE 112), followed by an Objection to the Recommended Disposition (DE 113). The Court considers Smith's objection, along with his motions to vacate, below.

## II. ANALYSIS

Under 28 U.S.C. § 2255, Smith "must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States,* 442 F.3d 959, 964 (6th Cir. 2006) (quoting *Mallett v. United States,* 334 F.3d 491, 496-497 (6th Cir. 2003)). This Court makes a *de novo* determination of those portions of a recommended disposition to which objections are made. *See* 28 U.S.C. § 636(b)(1)(c).

*A. Original Motion to Vacate (DE 108)*

In this case, Smith's original motion to vacate was deficient under Rule 2(b)(5) of the Rules Governing Habeas Proceedings under 28 U.S.C. § 2255. By the plain language of the

Rule, a § 2255 motion "must...be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant." Rule 2(b)(5) of the Rules Governing Habeas Proceedings. Here, Smith signed the certificate of service, attesting that a copy of the motion had been sent to the appropriate Assistant United States Attorney, and that a copy was placed in the internal depository mailing system at his federal facility. But he never signed the motion itself or attested to its factual assertions. *See* (DE 108). The motion was thus clearly deficient under Rule 2(b)(5).

Rather than immediately recommending dismissal, the Magistrate Judge allowed Smith an additional 14 days to provide his signature to the Court. (DE 110).[1] In his Order, the Magistrate Judge—using very plain language—cited the rule requiring Smith's signature on the motion; explained that failure to comply with the Order would result in a recommendation that Smith's motion be dismissed; and ordered the Clerk of Court to send Smith a copy of the Order. (DE 110). The Magistrate Judge allowed fourteen days to pass, and then waited an additional three weeks—no filing was received from Smith. Having no response, the Magistrate Judge issued a recommendation to summarily dismiss the motion because of its clear deficiency. *See* (DE 111 at 4-6); *see also Young v. U.S.*, Nos. 4:06-CR-14, 4:10-cv-72, 2013 WL 4679931 (E.D. Tn. Aug. 20, 2013) ("These unsworn declarations and allegations in Young's reply brief are not signed by him under penalty of perjury pursuant to 28 U.S.C. § 1746 as required by Rule 2(b)(5)...[f]or this reason alone, the claim must be dismissed"); *see also Saenz v. United States*, Nos. 09-630-KD-M, 07-273-KD-M, 2009 WL 5174224, at *2 n.1 (S.D. Ala. Dec. 21, 2009) ("Under Rule 2(b)(5) of the Rules Governing

---

[1] Allowing additional time to update a motion deficient under Rule 2(b)(5) appears to be the favored remedy, rather than immediate dismissal. *See Kafo v. United States*, 467 F.3d 1063, 1071 (7th Cir. 2006) (describing the "better practice" is to instruct petitioner to amend the motion); *see also U.S. v. Lopez*, 570 Fed.Appx. 291, 292 (4th Cir. 2014) ("The commentary to the Rules indicates that the appropriate remedy for a violation is to allow the movant to bring his motion into conformity with the rules rather than dismissing the motion outright").

3

Section 2255 Proceedings for the United States District Courts, the motion 'must be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant.' This failure alone would warrant the dismissal of Saenz's Motion").

Smith now objects to the Magistrate Judge's recommended disposition. (DE 113). His only argument is an appeal to his *pro se* status, citing the "limited resources that I have at my disposal of individuals that are not aware of the local rules, statute rules and the requirements." *Id.* But *pro se* status alone does not generally excuse delay. *See Hall v. Warden, Lebanon Correctional Institution,* 662 F.3d 745, 751-752 (6th Cir. 2011); *see also Rodriguez v. Elo,* 195 F.Supp.2d 934, 936 (E.D. Mich. 2002) ("The law is replete with instances which firmly establish that ignorance of the law, despite a litigant's *pro se* status, is no excuse for failure to follow established legal requirements"). Here, Smith was told in clear terms what the law required of him, and he was given ample time to meet the requirement. He has not alleged that he did not receive the Magistrate Judge's order, or given any other reason for his failure—he solely relies on his *pro se* status. Such an argument is unpersuasive in light of the Magistrate Judge's plainly worded Order. Smith's objection is denied.

*B. Amended Motion to Vacate (DE 112)*

Smith's amended motion, filed one-month after the Magistrate Judge's recommendation, must also be dismissed.[2] Habeas petitions brought under § 2255 are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). The one-year limitation begins to run, except in

---

[2] While the amended motion is untimely, the Court notes that both of Smith's motions to vacate are premised on his counsel's alleged failure to appeal the Court's denial of Smith's July 17, 2015, motion to suppress. However, reservation of the right to appeal such a pretrial motion in a plea agreement must be in writing, and requires the consent of the Court and the government. Fed. R. Cr. Pro. 11(a)(2). Smith's agreement has no such reservation. *See* (DE 51). Further, the United States Court of Appeals for the Sixth Circuit has recently upheld the Court's ruling on the motion to suppress as challenged by Smith's co-defendant, who joined in Smith's original motion to suppress. *See* (DE 114; DE 22).

4

circumstances not present or asserted here, when the judgment of conviction becomes final. *Id.* The timeline for determining when a conviction becomes final is governed by Federal Rule of Appellate Procedure 4:

> [W]hen a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed. In most cases, that period is ten days, pursuant to Fed. R. App. P. 4(b)(1).

*Sanchez-Castellanso v. U.S.,* 358 F.3d 424, 427 (6th Cir. 2004).

In this case, Smith's original motion to vacate was filed on September 29, 2017, and fell within one-year and ten days of his September 20, 2016, Judgment. But as discussed above, Smith's original motion was deficient under the Rules Governing Habeas Proceedings. The Magistrate Judge extended the time for amending the original petition or submitting a new motion until October 13, 2017, but Smith failed to file during the extension. (DE 110). Smith's amended motion to vacate was not filed until December 4, 2017—more than seven weeks past the extended deadline. (DE 112). This is clearly untimely under both the one-year statute of limitations for habeas petitions brought under § 2255, and the extension allowed by the Magistrate Judge. Smith has offered no argument as to equitable tolling other than what was rejected above regarding his *pro se* status. This argument is unavailing. *See Brown v. U.S.,* 20 Fed.Appx. 373, 375 (6th Cir. 2001) ("Ignorance of the [§ 2255] limitations period does not toll the limitations period").

Finally, while an amended motion brought pursuant to § 2255 may relate back to an original filing that occurred within the one-year statute of limitations, such amendments are subject to Federal Rule of Civil Procedure 15. *See Mayle v. Felix,* 545 U.S. 644, 654, 125 S.Ct. 2562 (2005). Under Rule 15, Smith does not fall into the delineated categories that allow amendment of his original motion as a matter of right, and therefore he requires the leave of the Court. Fed. R. Civ. Pro. 15(a)(2). Such leave should be given freely "when justice so

5

requires." *Id.* But even liberally construed, the only argument advanced by Smith relevant to this requirement concerns his *pro se* status. The Court cannot find that Smith's status alone permits him to ignore the plainly worded Order of the Magistrate Judge; receive a recommendation that the pleading be dismissed; and then simply amend the original pleading to be in compliance with the Order entered over two months prior. The Court does not believe this is an instance in which justice requires amendment.

*C. Certificate of Appealability*

Since Smith failed to comply with a plain procedural bar, no certificate of appealability shall issue. In the case of a § 2255 petition, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has further explained that, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such circumstances, no appeal would be warranted." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595 (2000). The recommendation of the Magistrate Judge is adopted.

### III. CONCLUSION

Accordingly, the Court **HEREBY ORDERS** the following:

(1) The Recommended Disposition (DE 111) is **ADOPTED** as the Court's opinion;

(2) Defendant Davell Rashaun Smith's Objection to the Recommended Disposition (DE 113) is **DENIED,**

(3) A certificate of appealability **SHALL NOT ISSUE** because Defendant Smith has failed to make a substantial showing of the denial of a constitutional right; and

(4) A separate Judgment shall issue.

Dated August 23, 2018.



Signed By:
Karen K. Caldwell
United States District Judge

6